STEVEN A. GROODE, Bar No. 210500
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583

JOHN H. ADAMS, JR., Bar No. 253341
LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
Telephone: 916.830.7200
Facsimile: 916.561.0828

Attorneys for Defendant
GENESIS NETWORKS
TELECOM SERVICES, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY TLUCZEK,<br><br>        Plaintiff,<br><br>v.<br><br>GENESIS NETWORKS TELECOM SERVICES, LLC; DOES 1-100 INCLUSIVE, AND EACH OF THEM,<br><br>        Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441**<br><br>[DIVERSITY JURISDICTION] |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRMWIDE:147554217.1 086749.1001

Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Genesis Networks Telecom Services, LLC ("GNTS" or "Defendant"), removes to this Court the state court action described herein. Defendant removes the captioned action from the Superior Court of the State California for the County of Sacramento. Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. Sections 1332 and 1441(b) based on diversity of citizenship between the parties.

In support of its Notice of Removal of Civil Action, Defendant alleges:

## I.   STATEMENT OF JURISDICTION.

1.   This Court has original jurisdiction over this civil action under 28 U.S.C. section 1332(a), and this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. section 1441(b) because Plaintiff Courtney Tluczek ("Plaintiff" or "Tluczek") is a citizen of the State of California, and Defendant is a limited liability company whose members are all citizens of states other than California. The amount in controversy in this action exceeds $75,000.00.

## II.   PROCEDURAL HISTORY.

2.   On or about April 6, 2017, Plaintiff filed a Complaint for Damages ("Complaint") against Defendant and various Doe defendants in the Superior Court of the State of California, Sacramento County, Case No. 34-2017-00210625 (the "State Court Action").

3.   Plaintiff's Complaint alleges the following causes of action: (1) sex discrimination; (2) failure to allow or pay for meal periods; (3) failure to allow or pay for rest periods; (4) waiting time penalties; (5) failure to provide accurate itemized wage statements; (6) unfair business practices; (7) whistleblower retaliation; and (8) wrongful constructive termination in violation of public policy.

4.   On April 13, 2017, Plaintiff caused Defendant's agent for service of process to be served with: (1) the Summons, Complaint, Civil Case Cover Sheet and Notice of Case Management Conference. True and correct copies of these documents are attached hereto as Exhibit A.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRMWIDE:147554217.1 086749.1001          2.          Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

5. Defendant timely filed its Answer to Plaintiff's Complaint ("Answer") on May 12, 2017. A true and correct copy of the Answer is attached hereto as Exhibit B.

6. Exhibits A and B constitute all process, pleadings, and orders in the State Court Action received by, or filed by, Defendant.

### III. TIMELINESS OF REMOVAL.

7. This Notice of Removal is timely filed within thirty (30) days after service of the Complaint on Defendant, as required by 29 U.S.C. § 1446(b).

8. This Notice of Removal is also timely because it is based on diversity jurisdiction and filed within one year of the date the action was originally filed on April 6, 2017.

### IV. DIVERSITY JURISDICTION

9. The diversity of citizenship statute, 28 U.S.C. Section 1332(a), provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States. . . .

10. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

**A.   Diversity of Citizenship**

11. For diversity purposes, a person is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that she "[a]t all times mentioned herein… was, and now is, an individual residing in the County of Sacramento, State of California" and is therefore a citizen of the State of California. *See* Exhibit A, Complaint ("Compl."), ¶ 1. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

FIRMWIDE:147554217.1 086749.1001                     3.                              Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise").

12. For diversity purposes, a limited liability company is a citizen of every state in which its members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). For diversity purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77; 130 S. Ct. 1181, 1186; 175 L. Ed. 2d 1029, 1034 (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters." (Citations omitted.) *See also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

13. Defendant is a limited liability company organized and formed under the laws of the State of Texas, with its principal place of business and headquarters in San Antonio, Texas. Defendant has two members: (1) Genesis Networks Enterprises, LLC ("GNE"), a limited liability company organized and formed under the laws of the State of Texas, with its principal place of business and headquarters in San Antonio, Texas; and (2) FedEx Supply Chain Logistics & Electronics, Inc. ("FedEx Supply"), a corporation organized and formed under the laws of the State of Delaware, with its principal place of business and headquarters in Pittsburgh, Pennsylvania. GNE has two members: James Goodman and Sean Nelson, both of whom are individuals and citizens of the State of Texas. FedEx Supply's business operations are directed, controlled and coordinated from its corporate headquarters in Pennsylvania, where most of its executive and administrative functions are located. Thus, FedEx Supply is a citizen of the State of Delaware, where it is incorporated, and a citizen of Pennsylvania, where it has its principal place of business and "nerve

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRMWIDE:147554217.1 086749.1001    4.    Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1  center." Accordingly, pursuant to 28 U.S.C. §1332(c), Defendant's members are, and have been at
2  all material times, citizens of the States of Delaware, Pennsylvania, and Texas, making Defendant a
3  citizen of Delaware, Pennsylvania and Texas.

4     14. Plaintiff's Complaint also names as Defendants "Does 1- 100." Pursuant to 28
5  U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for
6  the purpose of determining diversity jurisdiction. Further, to Defendant's knowledge, no fictitious
7  defendant has been served; thus, none need join in the Notice of Removal. *See Salveson v. Western*
8  *States Bankcard Assoc.*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not
9  served need not be joined; the defendants summoned can remove by themselves.").

10     **B.** **Amount in Controversy**

11     15. If a plaintiff's state court complaint is silent as to the amount of damages
12  claimed, the removing defendant need only establish that it is more probable than not that plaintiff's
13  claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.,* 95 F.3d 856, 860-
14  861 (9th Cir. 1996), *amended by, rehearing en banc denied by,* 102 F.3d 398, 404 (9th Cir. 1996).
15  In an action by a single plaintiff against a single defendant, all claims can be aggregated to meet the
16  minimum jurisdictional amount. *Bank of Calif. v. Twin Harbors Lumber Co.,* 465 F.2d 489, 491(9th
17  Cir. 1972); *Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not
18  measured by the low end of an open-ended claim, but rather by reasonable reading of the value of
19  the rights being litigated"). Defense counsel's testimony itemizing the bases for plaintiff's damages
20  claims is sufficient to establish the jurisdictional minimum for diversity jurisdiction. *Gafford v.*
21  *General Electric Co.,* 997 F.2d 150, 160-161 (6th Cir. 1993), *abrogated on other grounds by* 559
22  U.S. 77 (2010).

23     16. Economic damages, non-economic damages, general damages, attorneys' fees
24  and punitive damages are all included in determining the amount in controversy. *See Anthony v.*
25  *Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (prayer for punitive
26  damages included in determining amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d
27  1150, 1155-56 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in
28  controversy where potentially recoverable by statute). The Court may examine the nature of the

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRMWIDE:147554217.1 086749.1001  5.  Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

action and the relief sought and take judicial notice of attorneys' fee awards in similar cases. *See, e.g.*, *Simmons v. PCR Technology,* 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment discrimination cases often exceed damages). Furthermore, such fees are calculable beyond the time of removal. *Id.*

17.  The amount in controversy here exceeds the minimum required to invoke diversity jurisdiction ($75,000), and all of the other requirements for diversity jurisdiction are met. 28 U.S.C. § 1332.

18.  Plaintiff's Complaint seeks, *inter alia*, the following relief for Plaintiff from Defendant: general, special, and punitive damages; medical expenses and related items of expense; lost earnings and loss of earning capacity; statutory penalties as provided for in the California Labor Code; "treble damages and additional damages" as provided for in the California Labor Code; and attorneys' fees and costs. Complaint ("Compl."), Prayer For Relief (p.20). Plaintiff also alleges unspecified damages for "severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety." *Id.* at ¶ 14.

19.  Plaintiff alleges that on or about January 2015 she was "wrongfully constructively terminated." Compl., ¶ 70. This appears to be a typo or mistake, as Plaintiff actually was employed with Defendant until on or about January <u>2016</u>. As of January 2016, Plaintiff's rate of pay was $12.00 per hour, the equivalent of $24,960 for a year of full-time work. Based on annual earnings of $24,960, if Plaintiff were to prevail on her claims, she could be entitled to lost earnings (e.g., back pay) of approximately $36,400 through May 15, 2017, with that amount growing as this case progresses. Additionally, Plaintiff had available to her through Defendant benefits including medical insurance, dental insurance and vision insurance.

20.  In addition, Plaintiff's lost earnings allegations do not contain a limit in their temporal scope. Front pay awards in California frequently span a number of years. *See Smith v. Brown-Forma Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal. App. 3d 91, 97-98 (1976) (four years). Even conservatively estimating that Plaintiff seeks front pay benefits for only the next year,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRMWIDE:147554217.1 086749.1001     6.     Case No.
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

the amount of future wages in controversy in this case would total at least an additional $24,960.[1]

21.  Plaintiff also alleges that she is entitled to damages for "severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety" in an amount to be determined.  Compl., ¶ 14. If Plaintiff were to prevail in this action, she would most likely receive a non-nominal sum for these claims.

22.  Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress.  *See, e.g., Gardenhire v. Housing Authority of the City of Los Angeles*, 85 Cal. App. 4th 236, 240-241 (2002) (affirming judgment, including jury award of $1.3 million in emotional distress damages for wrongful termination in violation of public policy claim); *Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001), cert. denied, 535 U.S. 1018 (2002) (award of $30,000), and *Redfield v. Insurance Co. of N. Am.*, 940 F.2d 542 (9th Cir. 1991), *overruled on other grounds*, *Dotson v. United States*, 87 F.3d 682 (5th Cir. 1996) (award of $25,000).

23.  Under the law, there is no precise measure of damages for emotional distress. *California Practice Guide: Employment Litigation*, § 17:350, *Rutter Group* (2013).  Nonetheless, a plaintiff is entitled to "a reasonable amount" to compensate for "'suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame'" that plaintiff has suffered and is "'reasonably certain to suffer'" in the future.[2] *Id*.; s*ee also* CAL. CIV. CODE, § 3283.  The question a jury would be asked to determine in this case upon a finding of liability is: what is a "reasonable

---

[1] Some of what is characterized as "front pay" herein would necessarily be "back pay" at the time of adjudication of Plaintiff's claims.  *Lowe v. California Resources Agency,* 1 Cal. App. 4th 1140, 1144 (1991)("(B)ack pay refers to the amount that plaintiff would have earned but for the employer's unlawful conduct, minus the amount that plaintiff did earn or could have earned if he or she had mitigated the loss by seeking or securing other comparable employment."); *Pollard v. E.I. du Pont de Nemours & Co.* 532 U.S. 843, 853 (2001)("A front pay…award is the monetary equivalent of the equitable remedy of reinstatement.") Whether alleged lost wages for the months between the filing of Plaintiff's Complaint and trial is characterized as a "back pay" or "front pay" remedy, the total amount in controversy related to alleged wage loss remains the same.

[2] While there is no clearly established definition of 'reasonable certainty,' evidence of future detriment has been held sufficient based on expert medical opinion which considered the plaintiff's particular circumstances and the expert's experience with similar cases." *Bihun v. AT&T Information Services, Inc.*, 13 Cal. App. 4th 976, 995 (1993), *overruled on other grounds*.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRMWIDE:147554217.1 086749.1001    7.    Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

amount" to compensate for Plaintiff's emotional distress. For purposes of jurisdiction, the question simply is how much in emotional distress damages has Plaintiff placed in controversy.

24. In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), *cert denied*, 127 S.Ct. 157 (2006), the plaintiff identified in responses to interrogatories emotional distress as a category of damages she sought, but did not furnish the amount of such damages. The Ninth Circuit held that the district court properly considered the interrogatory responses along with emotional distress damages awarded in similar age discrimination cases in determining the amount in controversy. In upholding the lower court's finding that the amount in controversy had been established, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. Although Defendant disputes that Plaintiff is entitled to any such award, Plaintiff's allegations place in controversy at least $25,000 in emotional distress damages alone.

25. Additionally, Plaintiff seeks attorneys' fees and costs. Compl., Prayer For Relief (p.20). Attorneys' fees should be included in calculating the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute). In determining whether the amount in controversy exceeds $75,000, the Court may also estimate the amount of reasonable attorneys' fees likely to be recovered by a plaintiff if he were to prevail on his claims. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002). In doing so, the Court may consider the amount of attorneys' fees that will accrue until the entire matter is resolved. *Simmons*, 209 F. Supp. 2d at 1034-35.

26. At an assumed rate of $300 per hour, Plaintiff's counsel would need to spend only 250 hours of attorney time (a conservative estimate of time spent through trial) to incur $75,000 in reasonable attorney's fees (250 x $300 = $75,000). Moreover, attorney's fees awards in employment matters often exceed $75,000. *See, Flannery v. Prentice*, 26 Cal.4th 572 (2001) (California Supreme Court upheld an award of attorneys' fees under Fair Employment and Housing Act ("FEHA") for $891,042); *see also Rivera v. Costco Wholesale Corp.*, 2008 U.S. Dist. LEXIS

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRMWIDE:147554217.1 086749.1001    8.    Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

58610, *12-13 (N.D. Cal. 2008) (on denying motion for remand, the court stated that employment discrimination claims require a great deal of preparation and effort to maintain and at Plaintiff's attorneys' claimed rate of $400 an hour, fees will likely become substantial) *citing to Simmons v. PCR Tech.,* 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that in the Court's twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages and found the jurisdictional maximum was satisfied); *Akers v. County of San Diego*, 95 Cal.App.4th 1441 (lower court awarded $249,349 in attorneys' fees in wrongful termination in violation of public policy and discrimination case); *Hackmon v. City of Los Angeles*, 2001 WL 1860540) (Cal. Superior ($114,484 awarded in discrimination case brought under the FEHA); *Kohn v. County of Los Angeles*, 2001 WL 1720226 (awarding $161,700 in attorneys' fees in FEHA discrimination case) (Cal. Superior); *Heiserman v. Lemon Grove Sch. Dist.*, 1998 WL 1547897 (Unknown State Ct.) ($96,000 in fees awarded in failure to accommodate case). Thus, an attorneys' fees award in this case could easily reach or exceed **$75,000**.

27.   Plaintiff also seeks to recover punitive damages. Compl., Prayer For Relief (p.20). The potential punitive damage award alone against a defendant such as GNTS may satisfy the amount in controversy. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code §3294, and the proper amount of punitive damages under California law is based on the reprehensibility of defendant's misdeeds, the ratio between compensatory and punitive damages and ratio between damages and defendant's net worth. *Boyle v. Lorimar Productions, Inc.,* 13 F.3d 1357 (9th Cir. 1994). Punitive damages are included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994). In *Aucina,* the defendant-employer established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Aucina*, 871 F. Supp. at 334. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail and

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRMWIDE:147554217.1 086749.1001   9.   Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

establish the requisite state of mind, the punitive damages alone could easily exceed the jurisdictional minimum. Adding together Plaintiff's potential lost earnings damages of $36,400 through May 15, 2017, potential damages for emotional distress, potential punitive damages and potential attorney's fees, the amount in controversy here easily exceeds $75,000, exclusive of interests and costs.

28. Accordingly, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000, exclusive of interests and costs, and because this is a civil action between citizens of different states. As such, the United States District Court for the Eastern District of California has original jurisdiction over this matter and removal is authorized under 28 U.S.C. §1441(b).

**V.    VENUE**

29. Venue lies in the Eastern District of California pursuant to 28 U.S.C. sections 84(b) and 1441(a). This action was originally brought in the Superior Court of the State of California, County of Sacramento. Actions arising in Sacramento County shall be commenced in the Sacramento Division of the Eastern District. Eastern District Local Rule 120(d).

**VI.   NOTICE OF REMOVAL**

30. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, Todd M. Friedman of the Law Offices of Todd M. Friedman, P.C. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Sacramento.

31. WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Sacramento, to the United States District Court for the Eastern District of California.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FIRMWIDE:147554217.1 086749.1001                10.                Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

| | |
|---|---|
| Dated: May 15, 2017 | Respectfully submitted, |
| | LITTLER MENDELSON, P.C. |
| | |
| | */s/ John H. Adams, Jr.* |
| | STEVEN A. GROODE |
| | JOHN H. ADAMS, JR. |
| | Attorneys for Defendant |
| | GENESIS NETWORKS TELECOM SERVICES, LLC |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

FIRMWIDE:147554217.1 086749.1001      11.      Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT