# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):

GENESIS NETWORKS TELECOM SERVICES, LLC;
DOES 1-100 INCLUSIVE, AND EACH OF THEM,

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

COURTNEY TLUCZEK,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
Superior Court Of California,
Sacramento
04/06/2017
cfreeman3
By_____, Deputy
Case Number:
34-2017-00210625

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es): Gordon D Schaber Sac. Cty. Courthouse

CASE NUMBER:
(Número del Caso):

720 9th Street
Sacramento, CA 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Todd M. Friedman, 21550 Oxnard St., Suite 780 Woodland Hills, CA 91367, 877-206-4741

DATE:
(Fecha)   APR - 6 2017

Clerk, by
(Secretario)   C. FREEMAN , Deputy
(Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. [  ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify): GENESIS NETWORKS TELECOM SERVICES, LLC

under: [  ] CCP 416.10 (corporation)        [  ] CCP 416.60 (minor)
       [  ] CCP 416.20 (defunct corporation) [  ] CCP 416.70 (conservatee)
       [X] CCP 416.40 (association or partnership) [  ] CCP 416.90 (authorized person)
       [  ] other (specify):
4. [  ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

# COPY

FILED
Superior Court Of California,
Sacramento
04/06/2017
cfreeman3
By _____, Deputy
Case Number:
34-2017-00210625

Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF SACRAMENTO- UNLIMITED JURISDICTION

| | |
|---|---|
| COURTNEY TLUCZEK, | CASE NO.: |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | 1. **Sex Discrimination In Violation Of California Government Code §12940 and 12941 et seq.** |
| GENESIS NETWORKS TELECOM SERVICES, LLC; DOES 1-100 INCLUSIVE, AND EACH OF THEM, | 2. **Failure To Allow Or Pay For Meal Periods (California *Labor Code* §§ 226.7, 512, 558, & 1198, And Wage Order)** |
| Defendant(s). | 3. **Failure To Allow Or Pay For Rest Periods (California *Labor Code* §226.7, 558 & 1198, And Wage Order)** |
| | 4. **Waiting Time Penalties (California *Labor Code* §§ 201-203 And 558)** |
| | 5. **Failure To Provide Accurate Itemized Wage Statements (California *Labor Code* §§ 226(A), And 558)** |
| | 6. **California *Business And Professions Code* §§ 17200, *Et Seq.*** |
| | 7. **Whistleblower Retaliation [Cal. Lab. Code §§1102.5 Et Seq. And 232.5(C)]; And** |
| | 8. **Wrongful Constructive Termination In Violation Of Public Policy** |
| | Demand for Jury Trial |

1

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff COURTNEY TLUCZEK (hereinafter referred to as "CARDENAS" or "Plaintiff") and complains against the above-named Defendants and for causes of action against the Defendants, and each of them, alleges as follows:

## I.
### FIRST CAUSE OF ACTION
**(For Sex Discrimination Employment [California Government Code §12940 and 12941 et seq.] Against All Defendants and DOES 1 Through 100, Inclusive)**

1.    At all times mentioned herein, Plaintiff COURTNEY TLUCZEK ("Plaintiff") was, and now is, an individual residing in the County of Sacramento, State of California.

2.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant GENESIS NETWORKS TELECOM SERVICES, LLC (hereinafter referred to collectively with all other Defendants as "Defendants") were, and now arc, valid businesses of form unknown and/or governmental entities and/or their political subdivisions thereof, and duly organized and existing under the laws of the State of California, having its principal place of business in the County of Los Angeles, State of California.

3.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent, principal, owner, partner, joint venturer, representative, supervisor, manager, servant, employee and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

4.    At all times herein mentioned, until her wrongful constructive termination, Plaintiff was employed by Defendants and DOES 1 through 100, Inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's employers, managers and supervisors.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

5.     Plaintiff is female.

6.     From approximately through April 2015, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's sex, female, by the following continuous actions, and conduct, among others:

    a.  Defendants, and each of them, tolerated, allowed, encouraged and rewarded a sexually hostile work environment including, but not limited to removing Plaintiff from her position and giving that position to a less qualified male candidate;

    b.  Prioritizing male candidates over Plaintiff, a female, despite Plaintiff being more qualified for the duties and roles that were being handed to her similarly situated male colleagues, instead of Plaintiff.

    c.  Finally, after being deprived of the role she was promised by Defendant, which was instead given to a similarly situated, less qualified, male colleague- Plaintiff was given no choice but to resign, or to take an inferior, lower paying position;

    d.  Harassing, discriminating and retaliating against Plaintiff based on Plaintiff's sex, female;

7.     The acts and conduct of Defendants, and each of them, as aforesaid, was in violation of California Government Code § 12940 et seq. Said statutes impose certain duties upon Defendants, and each of them, concerning harassment, discrimination and retaliation against persons, such as Plaintiff, on the basis of sex and the prohibition of sex discrimination. Said statutes were intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times material hereto, an employee of the female sex, and within the protected class covered by California Government Code §12940, prohibiting sex discrimination in employment.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

8.      By the acts and conduct described above, Defendants, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the sex discrimination. The acts of discrimination described herein were sufficiently pervasive so as to alter the conditions of employment, and created an abusive working environment. When Plaintiff was discriminated against, Plaintiff's sex and/or complaints about the unlawful conduct were motivating reasons in Defendants' conduct.

9.      Plaintiff filed timely charges and complaints of sex harassment, retaliation and discrimination with the California Department of Fair Employment and Housing and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California Government Code § 12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code.

10.     By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

11.     As a direct and legal result of the acts and omissions of Defendants, and each of them. Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

12.     As a further legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that she will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

13.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

14.     As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to plaintiff, who will pray leave of court to assert the same when they are ascertained.

15.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

///

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

16.     The aforementioned acts of Defendants and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100.

17.     As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

**SECOND CAUSE OF ACTION**
**Failure to Allow or Pay for Meal Periods**
**(California Labor Code §§ 226.7, 512, 558, & 1198, and Wage Order)**
**-By Plaintiff Against All Defendants-**

18.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

19.     At all times relevant herein, Defendants were required to provide Plaintiff with meal periods that comply with the California Labor Code and applicable regulations and the Wage Order, including California Labor Code §§ 226.7 and 512.

20.     Consistent with Defendants' corporate policy, practice and pattern, Defendants regularly failed to provide, and in fact denied, Plaintiff's statutorily compliant meal periods.

21.     Consistent with Defendants' policy, practice and pattern, Defendants regularly staffed shifts in a way that did not allow Plaintiff to take or timely take uninterrupted, duty-free meal periods. As a pattern and practice, Defendants regularly failed to accurately record meal periods. Furthermore, pursuant to Defendants' corporate policy, procedure and practice, Defendants improperly recorded the timing and taking of meal periods by editing the hours worked by Plaintiff to reflect that meal periods were taken when in fact they were not taken, or to reflect a

6
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

different time than the meal periods were actually taken, or a different amount of time taken for meal periods than was in fact actually taken.

22.    Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Plaintiff proper meal period premium wages for all non-compliant or missed meal periods.  Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide all such meal period wages due and owing Plaintiff upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff is entitled to compensation pursuant to California Labor Code § 203.

23.    Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff for damages and wages owed, and for penalties, interest, costs and attorney's fees.

24.    Accordingly, Plaintiff is entitled to one (1) hour of compensation at their regular hourly rate for each workday that the proper meal periods were not provided and one (1) hour of compensation at their regular hourly rate for each workday that the proper meal periods were not provided in penalty wages pursuant to California Labor Code §  226.7 and the Wage Order.

25.    Plaintiff is further entitled to civil penalties under California Labor Code § 558 as follows:  For the initial violation, Fifty Dollars ($50.00) for each pay period for which the employee was underpaid, in addition to any amount sufficient to recover underpaid wages; and, for each subsequent violation, One Hundred Dollars ($100.00) for each pay period for which the employee was underpaid, in addition to any amount sufficient to recover underpaid wages.

///

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

### THIRD CAUSE OF ACTION
**Failure to Allow or Pay For Rest Periods**
**(California Labor Code §226.7, 558 & 1198, and Wage Order)**
**–By Plaintiff Against All Defendants–**

26.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

27.     At all times relevant herein, Defendants were required to provide Plaintiff with rest periods that comply with the California Labor Code and applicable regulations and IWC wage order, including California Labor Code § 226.7.

28.     Defendants regularly failed to provide, and in fact denied, Plaintiff statutorily compliant rest periods.

29.     Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Plaintiff proper rest period premium wages for all non-compliant or missed rest periods.  Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide all such rest period wages due and owing upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff is entitled to compensation pursuant to California Labor Code § 203.

30.     Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff for damages and wages owed, and for penalties, interest, costs and attorney's fees.

31.     Plaintiff was regularly scheduled as a matter of uniform company policy to work, and in fact worked, without rest breaks in violation of California Labor Code §§ 226.7 and 512 and the Wage Order, in that she was not permitted to take one (1) ten (10) minute rest break for every four (4) hours worked.

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

32.    Accordingly, Plaintiff is entitled to one (1) hour of compensation at her regular hourly rate for each workday that the proper rest periods were not provided and one (1) hour of compensation at their regular hourly rate for each workday that the proper rest periods were not provided in penalty wages pursuant to California Labor Code § 226.7 and the Wage Order.

33.    Plaintiff is further entitled to civil penalties under California Labor Code § 558 as follows:  For the initial violation, Fifty Dollars ($50.00) for each pay period for which Plaintiff was underpaid, in addition to any amount sufficient to recover underpaid wages; and, for each subsequent violation, One Hundred Dollars ($100.00) for each pay period for which Plaintiff was underpaid, in addition to any amount sufficient to recover.

### FOURTH CAUSE OF ACTION
**Waiting Time Penalties**
**(California Labor Code §§ 201-203 and 558)**
**-By Plaintiff Against All Defendants-**

34.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

35.    At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California Labor Code §§ 201 through 203.

36.    Defendants failed to pay Plaintiff her final wages pursuant to California Labor Code §§ 201 through 203, and accordingly owe waiting time penalties pursuant to California Labor Code § 203.

37.    The conduct of Defendants and their agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiff.

38.    Plaintiff is informed and believes and based thereon alleges that Defendants' willful

failure to pay wages due and owing to Plaintiff upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff is entitled to compensation pursuant to California Labor Code § 203.

### FIFTH CAUSE OF ACTION
**Failure to Provide Accurate Itemized Wage Statements**
**(California Labor Code §§ 226(a), and 558)**
**-By Plaintiff Against All Defendants-**

39.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

40.    At all times relevant hereto, California Labor Code § 226(a) provides, and provided, that every employer shall furnish each of its employees an accurate itemized wage statement in writing showing nine (9) pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

41.    Defendants failed in their affirmative obligation to keep accurate payroll records reflecting the actual hours worked, and the amount of compensation due to Plaintiff. Defendants, as a matter of policy and practice, did not maintain accurate records in violation of California Labor Code § 226.

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

42.    For example, as a matter of policy and practice, among the violations of California Labor Code § 226, Defendants failed to keep accurate records reflecting total number of hours worked, including meal and rest periods, which were not given to Plaintiff, and which she was not compensated for. As a result, Defendants failed to provide true and accurate wage statements to Plaintiff, as required by California Labor Code § 226.

43.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action for all damages and/or penalties pursuant to California Labor Code § 226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code § 226, in amount according to proof.

44.    Plaintiff is entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding Four Thousand Dollars ($4,000.00).

**SIXTH CAUSE OF ACTION**
**Unfair Business Practices**
**(California Business and Professions Code §§ 17200, et seq.)**
**-By Plaintiff Against All Defendants-**

45.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

46.    Defendants, and each of them, have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined above, including but not limited to, failing to provide meal and rest breaks, and failing to provide itemized wage statements reflecting meal and rest breaks, or compensation for those missed breaks. Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

11
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

47.    Defendants, and each of them, have engaged in unfair business practices in California in violation of Labor Code §970 by promising Plaintiff a "team lead" position, on which Plaintiff relied in moving from Mount Shasta, California to Sacramento, California. Defendants materially misrepresented to Plaintiff that she would be given the "team lead" promotion. After Plaintiff had accepted the position and moved from Mount Shasta, California to Sacramento, California, Defendant informed Plaintiff that she would not be given the position she was previously promised. Even more egregiously, Defendants gave the position to a less qualified male colleague of Plaintiff's, who was living and working in the city that Plaintiff had been previously told she had to move from, in order to take the position. Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

48.    Plaintiff, and other similarly situated members of the general public, seek full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein. Plaintiff seeks, on her own behalf and on behalf of the general public, the appointment of a receiver, as necessary. The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the original complaint in this action.

49.    Plaintiff is informed and believes and on that basis alleges that, at all times herein mentioned, Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code §§ 17200, et seq., as set forth above, thereby depriving Plaintiff and other members of the general public the minimum working condition standards and conditions due to them under the California labor laws and the Wage Order as specifically described herein.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

50.     Plaintiff, and all persons similarly situated, are further entitled to and do seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent.

### SEVENTH CAUSE OF ACTION

### WHISTLEBLOWER RETALIATION [Labor Code 1102.5 et. Seq.]

### (By Plaintiff Against All Defendants)

51.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

52.     California's *Labor Code*, §§ 1102.5 et seq. and 223.5(c), prohibits employer retaliation against its employees for employees' disclosure to others information about employers illegal actions.

53.     Prior to and including on February 2016, Plaintiff made complaints and/or disclosures to Defendants, and each of them, that Defendant was violating Labor Code § 970, for promising Plaintiff a position, which caused her to relocate from her home in Mount Shasta, California, and subsequently giving that position to somebody else after Plaintiff reported for work.

54.     Prior to and including on January 2015, and continuing, Plaintiff had reasonable cause to make, and made, complaints, and/or disclosed information to employees, managers, supervisors or managing agents of Defendants of potential and/or actual compliance issues and/or violations of State and/or Federal labor and employment and other laws including, but not limited to, those that prohibit violation of California Labor Laws stated above.

55.     Defendants, and each of them, believed that Plaintiff did or might disclose information to a law enforcement or government agency, or to a person with authority over Plaintiff or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or would provide information to, or testify before, any public body conducting an investigation, hearing, or inquiry.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

56.    In retaliation for Plaintiff's disclosures to the Defendants that they were in violation of the aforementioned laws, as herein alleged, Defendants, and each of them, instead retaliated against Plaintiff in violation of California Labor Code §1102.5. When Plaintiff was constructively terminated, Plaintiff's complaints of violations of State and/or Federal law was a contributing factor and/or reason in the subsequent retaliatory actions towards Plaintiff, including Defendant's failure to rehire her, or place her in comparable position to the one that was offered to her.

57.    After Plaintiff's complaints that Defendants had not complied with the law,  Defendant began a pattern of harassing, and retaliatory conduct, meant to force Plaintiff to quit her position, or endure day after day of this persistent harassing conduct.

58.    After her complaints, Plaintiff was constantly scrutinized, micro-managed, and penalized in ways that other similarly situated employees who did not complain about unlawful conduct were not similarly treated.

59.    Plaintiff was subsequently forced to resign, and was never offered a comparable position with Defendants after her wrongful constructive termination.

60.    By the acts herein alleged and in violation of California Labor Code §1102.5, Defendants, and each of them made, adopted, and enforced rules, regulations, and policies preventing Plaintiff from disclosing information to government and law enforcement agencies, where Plaintiff had reasonable cause to believe that Plaintiff's employer, Defendants, were violating California labor laws.  By the aforesaid acts and conduct of Defendants, and each of them, has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and

other pecuniary loss not presently ascertained, for which plaintiff will seek leave of court to amend when ascertained.

61.    As a direct and proximate result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

62.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents Plaintiff has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that he will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

63.    As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

64.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

65.     The aforementioned acts of Defendants, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

66.     As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Code Of Civil Procedure § 1021.5

### EIGHTH CAUSE OF ACTION

**Wrongful Constructive Termination in Violation of Public Policy**

**(By Plaintiff Against All Defendants)**

69.     Plaintiff re-alleges and incorporates herein each and every allegation contained in each of the preceding paragraphs in this Complaint as fully set forth herein by reference.

70.     On or about January 2015, Plaintiff was retaliated against and wrongfully constructively terminated when Defendants, and each of them, created, or allowed to exist, such intolerable conditions such as permitting sex discrimination, such that a reasonable person in Plaintiff's position would have not had any other option but to resign and/or be constructively terminated.

71.     At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code §12940 was to prohibit employers from discriminating and retaliating against any individual based on sex/gender. This public policy of the State of California is designed to protect all employees and to promote the welfare

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in discriminating and wrongfully constructively terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination and retaliation, was wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code § 12940 et seq., and the laws and regulations promulgated thereunder.

72.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code §§ 12940 and 12941 was to prohibit employers from discriminating, harassing, and retaliating against any individual based on sex. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in discriminating, and wrongfully terminating Plaintiff on the grounds of stated above, or for complaining about such harassment and retaliation, was wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code §12940 et seq., and the laws and regulations promulgated thereunder.

73.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

74.    As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

75.    As a further legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that he will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

76.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

77.    As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to plaintiff, who will pray leave of court to assert the same when they are ascertained.

78.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

79.    The aforementioned acts of Defendants, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

80.    As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

WHEREFORE, Plaintiff COURTNEY TLUCZEK, prays for judgment against the Defendants, and each of them, as follows:

1.    For general damages in an amount within the jurisdictional limits of this Court;

2.    For medical expenses and related items of expense, according to proof;

3.    For loss of earnings, according to proof;

4.    For loss of earning capacity, according to proof;

5.    For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965 (b), according to proof;

6.    For reasonable attorneys' fees and costs of said suit as specifically provided in

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

California Code of Civil Procedure §1021.5, according to proof;

7.  For treble damages and additional damages as specifically provided in California Labor Code §§ 202, 203 and 206;

8.  For reasonable attorneys' fees and costs of said suit as specifically provided in California Labor Code §§218.5, 510 and 1194(a);

9.  For damages, penalties and reasonable attorneys' fees and costs of suit as provided for in California Labor Code §§226.7, 512 and 558.

10. For reasonable attorneys' fees and costs of said suit as specifically provided in California Business and Professions Code §17200 et seq., according to proof;

11. For multiple damages as specifically provided in California Business and Professions Code § 17200 et seq., according to proof;

12. For prejudgment interest according to proof;

13. For punitive and exemplary damages, according to proof;

14. For costs of suit incurred herein; and

15. For such other and further relief as the court may deem just and proper.

Dated: April 6, 2017                    LAW OFFICES OF TODD M. FRIEDMAN, P.C.

TODD M. FRIEDMAN
Attorneys for Plaintiff
**COURTNEY TLUCZEK**

20
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)--Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach--Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case--Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: 877-206-4741    FAX NO.: 866-633-0228<br>ATTORNEY FOR (Name): Plaintiff, COURTNEY TLUCZEK | **FILED**<br>**Superior Court Of California,**<br>**Sacramento**<br>**04/06/2017**<br>cfreeman3<br>By _____, Deputy<br>**Case Number:**<br>**34-2017-00210625** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento 95814
BRANCH NAME: Gordon D Schaber Sacramento County Courthouse

CASE NAME:
Courtney Tluczek v. Genesis Networks Telecom Services, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 34-2017-00210625 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): 8
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 6, 2017

Todd M. Friedman
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code), (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**<br>STREET ADDRESS: **720 Ninth STREET**<br>MAILING ADDRESS: **720 Ninth STREET**<br>CITY AND ZIPCODE: **Sacramento, CA 95814-1311**<br>BRANCH NAME: **Gordon D Schaber Courthouse**<br>PHONE NUMBER: **(916) 874-5522** | |

| **SHORT TITLE:** Tluczek vs. Genesis Networks Telecom Services LLC | |
|---|---|

| **NOTICE OF CASE MANAGEMENT CONFERENCE**<br>**AND ORDER TO APPEAR** | **CASE NUMBER:**<br>34-2017-00210625-CU-WT-GDS |
|---|---|

### Hearing Date

The above entitled action has been set for a case management conference at 08:30 AM on 10/19/2017 in Department 30 in accordance with California Rules of Court 212. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

### Case Management Statement

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

### Minimum Requirements

Prior to the filing of the case management statement, the parties should have done the following:
- Served all parties named in the complaint within 60 days after the summons has been issued
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

### Tentative Ruling

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

### Case Management Orders

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

### Service of Case Management Notice

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

### Certification Filed in Lieu of Case Management Statement

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

---

**NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR**                    Page: 1

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 04/07/2017

David De Alba, Judge of the Superior Court