# EXHIBIT B

1  STEVEN A. GROODE, Bar No. 210500
   LITTLER MENDELSON, P.C.
2  2049 Century Park East
   5th Floor
3  Los Angeles, CA 90067.3107
   Telephone:  310.553.0308
4  Fax No.:    310.553.5583

5  JOHN H. ADAMS, JR., Bar No. 253341
   LITTLER MENDELSON, P.C.
6  500 Capitol Mall
   Suite 2000
7  Sacramento, CA 95814
   Telephone:  916.830.7200
8  Facsimile:  916.561.0828

9  Attorneys for Defendant
   GENESIS NETWORKS
10 TELECOM SERVICES, LLC

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SACRAMENTO

COURTNEY TLUCZEK,

　　　　　Plaintiff,

　　v.

GENESIS NETWORKS TELECOM
SERVICES, LLC; DOES 1-100
INCLUSIVE, AND EACH OF THEM,

　　　　　Defendants.

Case No. 34-2017-00210625

**DEFENDANT GENESIS NETWORKS TELECOM SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

Complaint Filed: April 6, 2017

Defendant GENESIS NETWORKS TELECOM SERVICES, LLC ("Defendant"), answers the Complaint of Plaintiff COURTNEY TLUCZEK ("Plaintiff") pursuant to section 431.30 of the California Code of Civil Procedure as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint. In addition, Defendant denies that Plaintiff has sustained, or will sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of Defendant.

## AFFIRMATIVE DEFENSES

By way of separate, additional and/or affirmative defenses to the Complaint and each cause of action therein, and without conceding that Defendant bears the burden of proof or the burden of persuasion as to any of these issues, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State A Claim)**

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint, and each cause of action set forth therein, is barred to the extent it fails to state facts sufficient to constitute a cause of action or to set forth a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has failed to mitigate her alleged damages.

### THIRD AFFIRMATIVE DEFENSE

**(Failure to Allege Special Damages With Specificity)**

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that, to the extent there is any claim for special damages, Plaintiff has failed to state her claim(s) with sufficient specificity.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:147566966.1 086749.1001                         1.

DEFENDANT GENESIS NETWORKS TELECOM SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

### (Uncertainty)

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint is uncertain.

## FIFTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations, including Government Code sections 12960 and 12965(b), Code of Civil Procedure sections 335.1, 338 and 340.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint is barred to the extent that Plaintiff failed to exhaust her available administrative remedies pursuant to California Government Code section 12960, subdivision (b), as well as any other applicable statute, and the Court thus lacks jurisdiction over Plaintiff's Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Worker's Compensation Preemption)

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that, to the extent Plaintiff seeks recovery for her alleged physical and/or emotional injuries, such claims and damages are barred by the exclusivity provisions of the Workers' Compensation Act, codified at California Labor Code section 3600 et seq.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Good Faith)

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that at

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:147566966.1 086749.1001    2.

DEFENDANT GENESIS NETWORKS TELECOM SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

all times relevant herein, all actions taken with regard to Plaintiff's employment were just, fair, reasonable, honest, in good faith, privileged, without discrimination and/or retaliation, based on legitimate and lawful business reasons and needs, and based upon all relevant facts and circumstances known by Defendant at the time of taking such actions.

### TENTH AFFIRMATIVE DEFENSE

### (Laches, Estoppel, Consent, Waiver)

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, consent and/or waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges, on information and belief, that discovery will reveal, that Plaintiff's Complaint is barred, in whole or in part, based on the doctrine of after-acquired evidence and to the extent any and all actions would have been taken against Plaintiff based on such after-acquired evidence.

### TWELFTH AFFIRMATIVE DEFENSE

### (Wrongful Acts Not Known To/Ratified By Defendant)

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that, even assuming any unlawful or other wrongful acts by any officer, director, or employee of Defendant were taken as against Plaintiff (which Defendant denies), any such unlawful or other wrongful acts, if any, were not authorized, ratified, or condoned by Defendant, and Defendant neither knew nor reasonably should have known of such conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Wrongful Acts Outside the Scope of Employment)

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that, even assuming the occurrence of any conduct, act, and/or failure to act by any employee of Defendant or anyone purporting to act on Defendant's behalf as alleged by Plaintiff (which Defendant denies), any such conduct, act, and/or failure to act was outside and beyond the scope and

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:147566966.1 086749.1001      3.

DEFENDANT GENESIS NETWORKS TELECOM SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

...

course of any such agent's employment with Defendant and contrary and in disregard of Defendant's interest, and Defendant is thus not vicariously liable for any such acts and/or omissions of any other person by way of respondeat superior, agency, or otherwise.

### FOURTEENTH AFFIRMATIVE DEFENSE
**(Same Decision Regardless of Alleged Acts)**

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that, even assuming any decision concerning Plaintiff was based, in part, on discriminatory or retaliatory grounds (which Defendant denies), Defendant would have reached the same decision absent any alleged discrimination or retaliation.

### FIFTEENTH AFFIRMATIVE DEFENSE
**(Doctrine of Avoidable Consequences)**

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims and any requested relief as against Defendant are barred, *inter alia*, under the doctrine of avoidable consequences, because Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory, retaliatory, and/or other wrongful conduct from occurring, and Plaintiff unreasonably failed to complain or otherwise take advantage of any preventive or corrective measures or opportunities.

### SIXTEENTH AFFIRMATIVE DEFENSE
**(Defendant Took Prompt and Appropriate Corrective Action)**

As a separate and affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, cannot be maintained against Defendant because, at all relevant times, Defendant took prompt and appropriate corrective action in response to the workplace concerns of Plaintiff, thereby satisfying all legal obligations Defendant had to Plaintiff, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE
**(Substantial Compliance)**

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that, even assuming, arguendo, Defendant failed to comply with any provision of the Labor Code,

Defendant substantially complied with the Labor Code, thus rendering an award of civil penalties inappropriate under the circumstances. For the same reason, should the Court find a violation of the Labor Code occurred, and such violation gives rise to potential penalties, the Court must exercise its discretion and significantly discount or eliminate any potential penalties owed by Defendant due to Defendant's good faith efforts to comply with the Labor Code and/or substantial compliance with the Labor Code.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Claims Barred by Plaintiff's Acts/Omissions)

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint, and each cause of action alleged therein, is barred to the extent any injury, harm, or damage allegedly suffered by Plaintiff was caused by her own intentional and/or negligent acts and/or omissions.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Alternate Proximate Cause)

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that if Plaintiff has suffered any emotional distress (which Defendant denies), any such claim by Plaintiff is barred to the extent such emotional distress was proximately caused by factors other than Plaintiff's employment and/or the actions of Defendant or anyone acting on Defendant's behalf.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Injured Outside the Scope of Employment)

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that to the extent Plaintiff has suffered any emotional and/or physical injuries (which Defendant denies), any such claims by Plaintiff are barred to the extent such emotional and/or physical injuries were incurred or sustained outside the course and scope of her employment with Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No Authorization, Consent or Ratification of Alleged Acts)

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that at no time did Defendant act maliciously, oppressively, or fraudulently with respect to Plaintiff or

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:147566966.1 086749.1001    5.

DEFENDANT GENESIS NETWORKS TELECOM SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Plaintiff's rights or employment, or otherwise authorize, consent to, and/or ratify any malicious, oppressive, or fraudulent conduct of any employee or agent of Defendant toward Plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Punitive Damages Prohibited)**

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is prohibited from recovering any punitive or exemplary damages, including any damages pursuant to California Civil Code section 3294, or any similar statute, against Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

**(*Bona Fide* Dispute)**

As a separate and distinct defense to the Complaint and each cause of action therein, Defendant alleges that such claims are barred because there is a bona fide dispute as to whether further compensation is actually due to Plaintiff and, if such compensation is due, as to the amount of such further compensation.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Failure to Take Breaks)**

As a separate and distinct defense, Defendant alleges that assuming arguendo that Plaintiff was entitled to meal and/or rest breaks, Plaintiff has no right to a premium payment under California Labor Code Section 226.7 because she: (1) failed to take breaks that were provided to her in compliance with California law, (2) chose not to take the breaks that were provided, authorized and/or permitted, and or (3) waived her right to meal breaks under California Labor Code Section 512(a).

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Plaintiff Avoided Tendered Payments)**

As a separate and distinct defense, Defendant alleges that the Complaint cannot be maintained against Defendant because Plaintiff secreted or absented herself to avoid payment of wages, thereby relieving Defendant of liability for penalties under Labor Code sections 203 and/or 210.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Right to Amend)

FOR AND AS A SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are unreasonable, pursued in bad faith, and/or frivolous so as to justify an award of attorney's fees and costs and against Plaintiff and her attorneys. Defendant reserves the right to amend its answer upon further investigation and discovery of facts supporting this defense.

## PRAYER

WHEREFORE, Defendant prays that:

1. Plaintiff take nothing by her Complaint;
2. Plaintiff's Complaint be dismissed with prejudice;
3. Defendant be awarded attorneys' fees and costs of suit herein; and
4. For such other and further relief as the Court deems proper.

Dated: May 11, 2017

Respectfully submitted,

LITTLER MENDELSON, P.C.

STEVEN A. GROODE
JOHN H. ADAMS, JR.
Attorneys for Defendant
GENESIS NETWORKS TELECOM SERVICES, LLC

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:147566966.1 086749.1001      7.

DEFENDANT GENESIS NETWORKS TELECOM SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 500 Capitol Mall, Suite 2000, Sacramento, California 95814. On May 12, 2017, I served the within document(s):

**DEFENDANT GENESIS NETWORKS TELECOM SERVICS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

☐ **By Fax Transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒ **By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at: **Sacramento, California**.

☐ **By Overnight Delivery.** I deposited a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ **By Personal Delivery.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Firmwide:147598289.1 086749.1001

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

PROOF OF SERVICE

☐ **By Messenger Service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

☐ **By Electronic Service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

Todd M. Friedman
Meghan E. George
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard Street, Ste. 780
Woodland Hills, CA 91367
Telephone: 877.206.4741
Facsimile: 866.633.0228

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 12, 2017, at Sacramento, California.

*/s/ Laura Kahl*
Laura Kahl

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:147598289.1 086749.1001      2.

PROOF OF SERVICE